UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JINGYI WEN,<br><br>                    Petitioner(s),<br><br>     v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE,<br><br>                    Respondent(s). | Case No. 2:15-CV-2181 JCM (NJK)<br><br>ORDER |

Presently before the court is petitioner Jingyi Wen's ("Wen") motion for entry of default judgment against respondent United States Citizenship and Immigration Service ("USCIS"). USCIS filed a response (ECF No. 7), and Wen subsequently replied (ECF No. 9).

Wen filed a petition for judicial review of an USCIS administrative decision pursuant to 8 C.F.R. § 336.9 on November 17, 2015. (ECF No. 5 at 2). She served process upon the Department of Homeland Security and the local USCIS office only. (*Id.*). After USCIS failed to file an answer to the petition, Wen filed a motion for entry of default judgment.[1] (ECF No. 5). USCIS filed a response to the motion, arguing that the United States has not been properly served pursuant to FRCP 4(i), which requires that the petitioner deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought. (ECF No. 7 at 3). *See* FED. R. CIV. P. 4(i).

---

[1] As USCIS correctly points out, Wen's motion is premature because it omits the critical first step of seeking clerk's entry of default before requesting the court to enter a default judgment. *See* FED. R. CIV. P. 55(a)-(b). However, Wen's failure to request entry of clerk's default is irrelevant, because she has never properly effectuated service of process.

**James C. Mahan**
**U.S. District Judge**

The time for Wen to properly serve process upon the U.S. attorney has passed. *See* Judicial Review of Denial Determinations on Applications for Naturalization, 8 C.F.R. § 336.9 (2011) ("Under these procedures, an applicant must file a petition for review in the United States district court having jurisdiction over his or her place of residence, in accordance with Chapter 7 of Title 5, United States Code, within a period of not more than 120 days after the USCIS final determination.").

Wen argues in her reply that FRCP 4(i) is inapposite because this petition is not a new action, and, therefore, the requirements for service by a summons against the United States, as set forth in Rule 4(i), do not apply. (ECF No. 9 at 2). Instead, Wen alleges that Section 336.9 of the Code of Federal Regulations alone governs the way in which service of process is effectuated with respect to her petition.[2] (*Id.*).

However, FRCP 81(a)(3) provides, in pertinent part, that the Federal Rules of Civil Procedure "apply to proceedings for admission to citizenship to the extent that the practice in those proceedings is not specified in federal statutes. . ." FED. R. CIV. P. 81(a)(3). Wen's petition pursuant to 8 CFR 336.9 is a proceeding for admission to citizenship for the purpose of Rule 81(a)(3). Therefore, because the CFR is not a federal statute, the rules set forth therein do not supplant the requirements for service of process set forth in FRCP 4(i). Accordingly, Wen is required to comply with both FRCP 4(i) and 8 CFR 336.9 in order to properly effectuate service of process.

Therefore, pursuant to FRCP 4(m), Wen shall have seven (7) business days to properly serve process or otherwise show good cause for her failure to do so. *See* FED. R. CIV. P. 4(m).

Accordingly,

IT IS ORDERED, ADJUDGED, AND DECREED that Wen's motion for default judgment (ECF No. 5) is denied, without prejudice.

. . .

. . .

. . .

---

[2] CFR 336.9(b) provides: "The petition for review must be brought against USCIS, and service of the petition for review must be made upon DHS and upon the USCIS office where the hearing was held pursuant to 8 CFR 336.2."

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that Wen shall serve process upon the United States Attorney's Office in Las Vegas, Nevada, or otherwise show good cause for the failure to do so within seven (7) business days, pursuant to Federal Rule of Civil Procedure 4(m).

DATED July 7, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -