UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JINGYI WEN, | Case No. 2:15-CV-2181 JCM (NJK) |
| Petitioner(s), | ORDER |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, | |
| Respondent(s). | |

Presently before the court is respondent United States Citizenship and Immigration Service's ("USCIS") motion to dismiss Jingyi Wen's petition for judicial review of USCIS's denial of her N-400 application for naturalization. (ECF No. 12). Petitioner filed a response (ECF No. 13), and respondent filed a reply (ECF No. 14).

On November 17, 2015, Wen filed her petition for review. (ECF No. 1). On November 18, 2015, she reportedly served the Department of Homeland Security at its Washington, D.C. office and USCIS's Las Vegas field office. (ECF No. 4-1). On February 24, 2016, petitioner filed a motion for default judgment for respondent's failure to answer or appear.[1] On February 29, 2016, USCIS filed a response to that motion, indicating that:

> To complete service of process on the United States government, or an agency of the United States government, a petitioner must complete specific acts of service of the summons and complaint upon the concerned agency head, the Office of the Attorney General of the United States in Washington, D.C., and the local United States Attorney's Office.

---

[1] This court has previously noted that, regardless of compliance with the rules of process, petitioner had failed to seek the required clerk's entry of default, as required by Federal Rules of Civil Procedure 55(a)–(b). (ECF No. 10).

**James C. Mahan**
**U.S. District Judge**

(ECF No. 7 at 2) (emphasis in original) (citing Fed. R. Civ. P. 4(i)).  Additionally, defendant noted that "[t]he United States Attorney's Office in Las Vegas, *among others*, was not served—and, to date, still has not been served."  (*Id.*) (emphasis added).

On July 7, 2016, this court denied petitioner's motion, noted that the motion was premature because petitioner had not "s[ought] clerk's entry of default before requesting the court to enter a default judgment," and ordered petitioner to serve process upon the United States attorney's office in Las Vegas—thereby addressing the focus of respondent's opposition and petitioner's reply regarding her failure to serve the same.  (ECF No. 10 at 1 n.1, 3); *see* (ECF No. 9); *see also* (ECF No. 7) (citing Rule 12(a)(2) and asserting that: "the 'United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim *within 60 days after service on the United States attorney*.'" (emphasis in respondent's opposition)).

On July 18, 2016, petitioner filed a notice of proof of service on the United States attorney's office.  (ECF No. 11).  The same day, respondent filed the instant motion to dismiss.  (ECF No. 12).  USCIS argues that dismissal of the petition is appropriate under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) because petitioner has failed to serve process on the United States attorney general within 90 days, as required by rule 4(i)(1)(B) and rule 4(m), without good cause and because petitioner was ineligible for naturalization because of alleged unlawful acts.  (*Id.*).

Petitioner responded that she had complied with this court's July 7, 2016, order denying her motion for default judgment as premature and providing seven days to serve process on the United States attorney's office.  (ECF No. 13).  Petitioner further states that, because this court did not order action regarding the attorney general, she should avoid dismissal or—over eight months after Wen filed the petition for review—should be granted additional leave to file service on the attorney general.  (*Id.*).

Rule 12(b)(5) allows a defendant to attack a claim for relief on the basis of "insufficient service of process."  Indeed, "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [rule] 4."  *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity.  *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (citing *Grand Entm't Grp., Ltd. v. Star Media*

*Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)).  Assuming insufficiency of process or insufficiency of service of process, the court has discretion to dismiss an action or simply quash service.  *See, e.g., SHJ v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion.")).

The Ninth Circuit adopted the District of Columbia Circuit's standard for assessing whether a district court may dismiss an action for deficient service of process "upon an officer or agency of the United States" in *Borzeka v. Heckler*, 739 F.2d 444, 446–47 (9th Cir. 1984).  *See also Jordan v. United States*, 694 F.2d 833, 836 (D.C. Cir. 1982).  There, the Ninth Circuit instructed that a district court should consider whether: (1) the defendant has actual notice of the suit; (2) "the defendant would suffer no prejudice from the defect in service"; (3) a "justifiable excuse" exists for noncompliance with the applicable rule of service; and (4) dismissal would result in "severe[] prejudice[]" for the petitioner if the petition was dismissed.  *Borzeka*, 739 F.2d at 447–48.  That court also indicated that, when applicable, a district court should examine a party's *pro se* status and whether a litigant was aware of its defect in service.  *See id.* at 447 n.2.

This court notes that the respondent has actual notice of the suit and that it has not indicated any reason why it would suffer prejudice.  (ECF Nos. 7, 12, 14).  However, the remaining factors weigh in favor of dismissal.

First, petitioner is not a *pro se* litigant entitled to some leniency in her initiation of litigation; she has been represented by counsel since this suit's inception.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* (ECF No. 1).  Second, petitioner was on notice of her failure to comply with its service requirements; USCIS's response to petitioner's premature motion for default judgment specifically articulated the applicable pleading requirements in the present case and indicated that entities other than the United States attorney's office remained unserved.  (ECF No. 7).  Thus, petitioner was on notice that more investigation and action was required.  *See* (*id.*).  Next, there is no justifiable excuse here for the failure to comply with the rules of service, and petitioner has not indicated that she would be subject to severe prejudice if the instant action was dismissed.  *See* (ECF No. 13).

This issue illustrates petitioner's third notable violation of the Federal Rules of Civil Procedure in this case.  *See* (ECF Nos. 10–12).  Further, this court has already allowed petitioner to correct one error of service.  (ECF No. 10).  Finally, petitioner cannot delegate to this court her

**James C. Mahan**
**U.S. District Judge**

- 3 -

responsibility to comply with the Federal Rules of Civil Procedure. *See, e.g.*, *United States v. Gavilan Joint Cmty. Coll. Dist.*, 849 F.2d 1246, 1251 (9th Cir. 1988); *see also* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."); (ECF No. 13).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (ECF No. 12) be, and the same hereby is, GRANTED, without prejudice.

DATED February 1, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -